UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GREGORY O. GARMONG,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>LYON COUNTY et al.,<br><br>　　　　Defendants. | 3:17-cv-00701-RCJ-VPC<br><br>ORDER |

This case arises out of the approval of a cell tower in Lyon County. Pending before the Court are two motions to dismiss.

I.  **FACTS AND PROCEDURAL HISTORY**

Plaintiff Gregory Garmong resides in Lyon County, Nevada where he owns residential and commercial real property. (Compl. ¶ 7, ECF No. 1). On September 10, 2015, Defendant Smith Valley Fire Protection District ("the District") signed an Option and Land Lease Agreement ("the Agreement"), which Defendant Verizon Wireless ("Verizon") countersigned on November 15, for Verizon to construct a cell tower on property on which the District operates a fire station. (*Id.* ¶¶ 17–18). Plaintiff alleges the Agreement violates various statutes applicable to the District. (*Id.* ¶ 19). Plaintiff appears particularly concerned about a provision of the Agreement limiting the types of equipment the District can install at the fire station in order to

avoid interference with Verizon's signal at the site, arguing that the limitations could affect the efficacy of fire service. (*See id.*). Defendant Lyon County ("the County") approved a special use permit for the cell tower on December 3, 2015 without, Plaintiff alleges, the District and Verizon having completed a development application as required by law. (*Id.* ¶ 29).

Plaintiff sued the County, the Lyon County Board of Commissioners, the District, former President of the Board of Directors of the District Michael P. Boudreau, Verizon, Epic Wireless ("Epic"), and Andrew Lesa (an agent of Epic) in this Court for due process and equal protection violations, a civil rights conspiracy, violations of due process under the Nevada Constitution, and common law fraud and conspiracy. The District and Boudreau have moved to dismiss based on issue preclusion due to a finally adjudicated state court action. Verizon, Epic, and Lesa have separately moved to dismiss for lack of standing, issue preclusion, failure to state a claim, and failure to plead fraud with particularity. The District and Boudreau have joined the latter motion, as well.

## II.  DISCUSSION

The Court dismisses for lack of standing. Plaintiff's complaint that he has been harmed because the County failed to comply with the law is precisely the kind of generalized grievance that the Supreme Court has consistently rejected as insufficient to invoke the federal judicial power under Article III of the Constitution. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 575 (1992) ("'It is an established principle,' we said, 'that to entitle a private individual to invoke the judicial power to determine the validity of executive or legislative action he must show that he has sustained or is immediately in danger of sustaining a direct injury as the result of that action and it is not sufficient that he has merely a general interest common to all members of the public.'" (quoting *Ex parte Levitt*, 302 U.S. 633, 634 (1937))). "[A]n injury amounting only to

the alleged violation of a right to have the Government act in accordance with law [i]s not judicially cognizable because assertion of a right to a particular kind of Government conduct, which the Government has violated by acting differently, cannot alone satisfy the requirements of Art. III without draining those requirements of meaning." *Id.* at 575–76 (internal quotation marks omitted). Plaintiff has not alleged any particularized harm to him resulting from the alleged violations of law. He alleges only a conjectural, hypothetical injury, i.e., that the cell tower's operation could possibly interfere with the District's radio communications and thereby degrade the quality of fire and rescue services in the area.

The Complaint includes three paragraphs relating to standing. (Compl. ¶¶ 47–49). Plaintiff concludes that "he is directly harmed by the terms of the Agreement . . . because he is dependent upon [the District] for emergency medical services," (*id.* ¶¶ 47–48), but the actual facts alleged only serve to confirm that the present case is a generalized grievance that does not support standing. Plaintiff further alleges that he "also is interested, as a citizen, in having the laws executed and the public's right enforced. Defendants have violated public rights defined by laws that are common to the entire community." (*Id.* ¶ 49). This statement essentially paraphrases the Supreme Court's doctrine of the non-justiciability of generalized grievances. An injury must be concrete and particularized, meaning "the injury must affect the plaintiff in a personal and individual way," *Lujan*, 504 U.S. at 560 & n.1, and it must be "actual or imminent, not conjectural or hypothetical," *id.* at 560 (internal quotation marks omitted). Plaintiff's allegations satisfy neither requirement. He complains of an injury that is not only "conjectural and hypothetical" but which affects a class of citizens in Lyon County the same as it affects him based on the County's alleged failure to follow the law, i.e., an injury that is not "concrete and particularized." In his response to the motion to dismiss, Plaintiff argues public policy based on

various statutes relating to emergency services, but he does not identify any statute giving him standing to sue for a violation. Every "injury in fact" listed in the response is a generalized grievance about state actors allegedly failing to follow the law. The complaints focus on Defendants' actions that are allegedly contrary to law, not on any actual harm befalling Plaintiff as a result. They are political grievances, not cognizable legal injuries, i.e., concrete, particularized, and actual or imminent injuries to Plaintiff's liberty or property interests.

The Court cannot yet address the other issues. The state court may or may not have addressed the standing issue, and standing under the Nevada Constitution may be governed by different standards than standing under Article III of the U.S. Constitution. In any case, this Court cannot proceed to determine even preclusion issues if it has no constitutional power to hear the case at all, which is a matter the Court has a duty to address before proceeding to any other issue, even if no Defendant had moved to dismiss based on lack of standing. *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).

///

///

///

///

///

///

///

///

///

## CONCLUSION

IT IS HEREBY ORDERED that the Stipulation for Extension of Time (ECF No. 44) is GRANTED.

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 35) is GRANTED for lack of standing, with leave to amend within twenty-eight (28) days. Failure to timely amend may result in dismissal with prejudice without further notice.

IT IS FURTHER ORDERED that the Motion to Strike (ECF No. 45) is DENIED. The Court has not considered the exhibits attached to the motion but only the allegations in the Complaint and the arguments in the briefs.

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 12) is DENIED without prejudice.

IT IS SO ORDERED.

Dated this 24th day of July, 2018.

_____
ROBERT C. JONES
United States District Judge