**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

|  |  |
|---|---|
| GREGORY O. GARMONG, | ) |
| Plaintiff, | ) 3:17-cv-00701-RCJ-CBC |
| vs. | ) |
| LYON COUNTY et al., | ) **ORDER** |
| Defendants. | ) |

This case arises out of the approval of a cell tower in Lyon County. Pending before the Court are four motions to dismiss and a motion to strike.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff Gregory Garmong resides in Lyon County, Nevada where he owns residential and commercial real property. (Compl. ¶ 7, ECF No. 1). On September 10, 2015, Defendant Smith Valley Fire Protection District ("the District") signed an Option and Land Lease Agreement ("the Agreement"), which Defendant Verizon Wireless ("Verizon") countersigned on November 15, for Verizon to construct a cell tower on property on which the District operates a fire station. (*Id.* ¶¶ 17–18). Plaintiff alleges the Agreement violates various statutes applicable to the District. (*Id.* ¶ 19). Plaintiff appears particularly concerned about a provision of the Agreement limiting the types of equipment the District can install at the fire station to avoid

interference with Verizon's signal at the site, arguing that the limitations could affect the efficacy of fire service. (*See id.*). Defendant Lyon County ("the County") approved a special use permit for the cell tower on December 3, 2015 without, Plaintiff alleges, the District and Verizon having completed a development application as required by law. (*Id.* ¶ 29).

Plaintiff sued the County, the Lyon County Board of Commissioners, the District, former President of the Board of Directors of the District Michael P. Boudreau, Verizon, Epic Wireless ("Epic"), and Andrew Lesa (an agent of Epic) in this Court for due process and equal protection violations, a civil rights conspiracy, violations of due process under the Nevada Constitution, and common law fraud and conspiracy. The District and Boudreau moved to dismiss based on issue preclusion due to a finally adjudicated state court action. Verizon, Epic, and Lesa separately moved to dismiss for lack of standing, issue preclusion, failure to state a claim, and failure to plead fraud with particularity. The District and Boudreau joined the latter motion. The Court dismissed, with leave to amend, for lack of standing. Plaintiff has filed the First Amended Complaint ("FAC"), and Defendants have filed three motions to dismiss.[1] Plaintiff has filed a motion to strike certain exhibits to one of the motions to dismiss.

## II. DISCUSSION

The Court previously ruled that Plaintiff's allegation that he had been harmed because the County had failed to comply with the law was precisely the kind of generalized grievance that the Supreme Court has consistently rejected as insufficient to invoke the federal judicial power under Article III of the Constitution. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 575 (1992) ("'It is an established principle,' we said, 'that to entitle a private individual to invoke the judicial power to determine the validity of executive or legislative action he must show that he

---

1 A fourth motion to dismiss was filed before the FAC was filed.

has sustained or is immediately in danger of sustaining a direct injury as the result of that action and it is not sufficient that he has merely a general interest common to all members of the public.'" (quoting *Ex parte Levitt*, 302 U.S. 633, 634 (1937))). "[A]n injury amounting only to the alleged violation of a right to have the Government act in accordance with law [i]s not judicially cognizable because assertion of a right to a particular kind of Government conduct, which the Government has violated by acting differently, cannot alone satisfy the requirements of Art. III without draining those requirements of meaning." *Id.* at 575–76 (internal quotation marks omitted). Plaintiff had not alleged any particularized harm to him resulting from the alleged violations of law. He alleged only a conjectural, hypothetical injury, i.e., that the cell tower would limit or interfere with the District's communications equipment and thereby degrade the quality of fire and rescue services in the area, which he might someday have to rely on.

The Complaint included three paragraphs relating to standing. (Compl. ¶¶ 47–49). Plaintiff concluded that "he is directly harmed by the terms of the Agreement . . . because he is dependent upon [the District] for emergency medical services," (*id.* ¶¶ 47–48), but the allegations only confirmed that the case was a generalized grievance. Plaintiff alleged that he "also is interested, as a citizen, in having the laws executed and the public's right enforced. Defendants have violated public rights defined by laws that are common to the entire community." (*Id.* ¶ 49). That statement essentially paraphrased the Supreme Court's doctrine of the non-justiciability of generalized grievances. An injury must be concrete and particularized, meaning "the injury must affect the plaintiff in a personal and individual way," *Lujan*, 504 U.S. at 560 & n.1, and it must be "actual or imminent, not conjectural or hypothetical," *id.* at 560 (internal quotation marks omitted). Plaintiff's allegations satisfied neither requirement. He

complained of an injury that was not only "conjectural and hypothetical" but which affected a class of citizens in Lyon County the same as it affected him, based on the County's alleged failure to follow the law. In his response to a previous motion to dismiss, Plaintiff argued public policy based on various statutes relating to emergency services, but he did not identify any statute giving him standing to sue for violations thereof. Every "injury in fact" listed in the response was a generalized grievance about state actors allegedly failing to follow the law. They were political grievances, not cognizable legal injuries, i.e., concrete, particularized, and actual or imminent injuries to Plaintiff's liberty or property interests.

The FAC has not added allegations indicating any concrete, particularized, and immediate or imminent injury resulting from Defendants' actions. Rather, as Defendants note, the FAC simply dresses the generalized grievances with talismanic language. Plaintiff essentially complains that a contract to which he is not a party and a local government's approval of the contract are inconsistent with state law and/or violate his constitutional rights. The FAC also includes a paragraph titled "PLAINTIFF'S INTEREST IN NEVADA GOVERNMENTAL INSTITUTIONS OBEYING THE LAW," which, again, summarizes the generalized grievance doctrine. Plaintiff claims he has been injured by not having received notice of the pendency of a development application. But he identifies no state law entitling him to personal notice of such an application. The Due Process Clause of the Fourteenth Amendment gave him no right to personal notice, because he had no property or liberty interest to lose by the approval of the application, only a speculative fear that he may some day need fire and rescue services and that those services may be degraded due to limitations on communications equipment under the agreement. He claims he has been injured because he is threatened with future injury, i.e., the speculative impairment of fire and rescue services should he need them. That is not an actual or

1  imminent injury.  The future injury Plaintiff alleges is speculative in at least two independent

2  ways.  First, it is speculative as to his future need for fire or rescue services.  Second, it is

3  speculative as to any negative effect on those services stemming from the development

4  application.

5        The Court therefore grants the Motions to Dismiss (ECF Nos. 61, 64) for lack of Article

6  III standing.  The remaining Defendants have joined Motion to Dismiss (ECF No. 61). (*See*

7  Joinder, ECF No. 63).  The Court denies the Motions to Dismiss (ECF Nos. 57, 60) as moot.

8  The former motion was superseded by the filing of the FAC, and the latter motion only addresses

9  issues the Court needn't reach.  The Court denies the Motion to Strike (ECF No. 72) as moot

10 because the motion challenges exhibits to Motion to Dismiss (ECF No. 64) that concern the

11 merits, and the Court denies the relevant portions of Motion to Dismiss (ECF No. 64) as moot.

12 ///

13 ///

14 ///

15 ///

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24

**CONCLUSION**

IT IS HEREBY ORDERED that the Stipulations for Extension of Time (ECF Nos. 62, 71) are GRANTED.

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 61) is GRANTED.

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 64) is GRANTED IN PART for lack of Article III standing and DENIED IN PART as moot on the other grounds presented.

IT IS FURTHER ORDERED that the Motions to Dismiss (ECF Nos. 57, 60) and the Motion to Strike (ECF No. 72) are DENIED as moot.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

DATED: This 7th day of November, 2018.

_____
ROBERT C. JONES
United States District Judge