# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

GREGORY O. GARMONG,

    Plaintiff,

vs.

LYON COUNTY et al.,

    Defendants.

3:17-cv-00701-RCJ-CBC

**ORDER**

This case arises out of the approval of a cell tower in Lyon County. Pending before the Court is a motion for attorney's fees.

**I.    FACTS AND PROCEDURAL HISTORY**

Plaintiff Gregory Garmong resides in Lyon County, Nevada where he owns residential and commercial real property. (Compl. ¶ 7, ECF No. 1). On September 10, 2015, Defendant Smith Valley Fire Protection District ("the District") signed an Option and Land Lease Agreement ("the Agreement"), which Defendant Verizon Wireless ("Verizon") countersigned on November 15, for Verizon to construct a cell tower on property on which the District operates a fire station. (*Id.* ¶¶ 17–18). Plaintiff alleges the Agreement violates various statutes applicable to the District. (*Id.* ¶ 19). Plaintiff appears particularly concerned about a provision of the Agreement limiting the types of equipment the District can install at the fire station to avoid

interference with Verizon's signal at the site, arguing that the limitations could affect the efficacy of fire service. (*See id.*). Defendant Lyon County ("the County") approved a special use permit for the cell tower on December 3, 2015 without, Plaintiff alleges, the District and Verizon having completed a development application as required by law. (*Id.* ¶ 29).

Plaintiff sued the County, the Lyon County Board of Commissioners, the District, former President of the Board of Directors of the District Michael P. Boudreau, Verizon, Epic Wireless ("Epic"), and Andrew Lesa (an agent of Epic) in this Court for due process and equal protection violations, a civil rights conspiracy, violations of due process under the Nevada Constitution, and common law fraud and conspiracy. The District and Boudreau moved to dismiss based on issue preclusion due to a finally adjudicated state court action. Verizon, Epic, and Lesa separately moved to dismiss for lack of standing, issue preclusion, failure to state a claim, and failure to plead fraud with particularity. The District and Boudreau joined the latter motion. The Court dismissed, with leave to amend, for lack of standing. Plaintiff filed the First Amended Complaint, and Defendants filed several motions to dismiss. The Court dismissed with prejudice for lack of standing. The District and Boudreau have requested attorney's fees of $21,860 under 42 U.S.C. § 1988(b).

**II.     DISCUSSION**

Plaintiff first argues that fees are not available in this case because the Court dismissed for lack of subject matter jurisdiction, and it therefore has no jurisdiction to award fees, either. But the Court of Appeals has recently repudiated its previous holdings to this effect, noting that the Supreme Court has since held that "a favorable ruling on the merits is not a necessary predicate to find that a defendant has prevailed." *Amphastar Pharms. Inc. v. Aventis Pharma SA*, 856 F.3d 696, 708–10 (9th Cir. 2017) (quoting *CRST Van Expedited Inc. v. EEOC*, 136 S. Ct.

1642, 1646 (2016) (reversing an Eighth Circuit holding that dismissal for lack of subject matter jurisdiction or other non-merits reasons precluded fee-shifting)). Defendants are "prevailing part[ies]" under the meaning of § 1988(b). Whereas prevailing plaintiffs are normally awarded fees, prevailing defendants normally are not:

> Under § 1988, a court in its discretion may award reasonable attorneys' fees in a suit seeking to enforce §§ 1981, 1983, or 2000d. However, because Congress wanted to encourage individuals to seek relief for violations of their civil rights, § 1988 operates asymmetrically. A prevailing plaintiff may receive attorneys' fees as a matter of course, but a prevailing defendant may only recover fees in "exceptional circumstances" where the court finds that the plaintiff's claims are "frivolous, unreasonable, or groundless."

*Braunstein v. Ariz. Dep't of Transp.*, 683 F.3d 1177, 1187 (9th Cir. 2012) (quoting *Harris v. Maricopa Cnty. Super. Ct.*, 631 F.3d 963, 971 (9th Cir. 2011) (internal quotation marks omitted)). "A case may be deemed frivolous only when the 'result is obvious or the . . . arguments of error are wholly without merit.'" *Karam v. City of Burbank*, 352 F.3d 1188, 1195 (9th Cir. 2003) (quoting *McConnell v. Critchlow*, 661 F.2d 116, 118 (9th Cir. 1981) (citation omitted)). The Court finds that in this case, the result was obvious, and the claims were frivolous. As detailed in the Court's previous orders, the case was based entirely on generalized grievances and speculative injuries.

As to the details of the fee request, Plaintiff first objects to the 143.90 hours billed. The Court finds the records attached to the motion to be sufficient in form. The redactions for reasons of privilege do not put into question the propriety of the relevant hours. However, the Court is concerned that many entries are unreasonable. For example, from March 19 to 22, 2018, an attorney billed 1/10 of an hour each for reading an order granting an extension of time to respond to a motion to dismiss, three pro hac vice petitions, a jury demand, a certificate of interested parties, an order of recusal, and an order reassigning the case to the undersigned. That

amounts to $128 billed for essentially noticing a few incredibly brief filings that required no meaningful analysis. The billing records are full of these kinds of 1/10-hour billings for reading and sending emails and noticing filings in the case. Another attorney has billed 1/5 of an hour or more apiece for the same types of entries in early November 2018, although the attorney at issue appears to have included far fewer such entries than the first attorney referenced by comparison to entries involving substantive attorney labor such as research and writing. The Court does not have the resources to examine each and every one of the hundreds of entries but will reduce the hours requested by 50%. *See Fox v. Vice*, 563 U.S. 826, 838 (2011).

Next, Plaintiff objects to the rates requested. But $160 per hour for a partner is modest, and $140 per hour for young associates is not excessive. To the extent these rates require support beyond the Court's independent assessment, counsel has supported the rates with recent state court orders approving them.

Finally, the Court will not deviate from the lodestar, as calculated, with any multiplier. Counsel is well qualified and achieved an excellent result (dismissal), but that result was not difficult to achieve given the frivolity of the claims.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Submission (ECF No. 92) is GRANTED, and the Motion for Attorney's Fees (ECF No. 86) is GRANTED IN PART. Attorney's fees are awarded in the amount of $10,930.

IT IS SO ORDERED.

Dated this 24th day of January, 2019.

_____
ROBERT C. JONES
United States District Judge